**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| Ashley Smith,<br><br>Plaintiff,<br><br>-against-<br><br>TransUnion, LLC;<br>Professional Collectors Corporation;<br><br>Defendant(s). | Case No.: **3:26-cv-1134**<br><br>**COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ashley Smith, by and through counsel, as for this Complaint against Defendant TransUnion, LLC ("TransUnion") and Defendant Professional Collectors Corporation ("Professional Collectors") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p et seq.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA").

4. Plaintiff also brings this action for damages arising from Professional Collectors' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

## PARTIES

5. Plaintiff is a resident of the State of Wisconsin, county of Jefferson.

6. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

7. TransUnion is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7. TransUnion principal place of business is 555 W. Adams Street, Chicago, IL 60661.

8. TransUnion is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

9. At all times material hereto, TransUnion disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Professional Collectors is a "debt collector" as defined by 15 U.S.C. § 1692a(6), regularly engaged in collecting consumer debts through the mail, telephone, internet, and credit reporting, as well as a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, located at 755 S. Main St. Fond Du Lac, WI 54935.

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates the above allegations as if set forth here.

12. On a date better known to the creditor, Plaintiff's husband incurred a medical debt with Madison Emergency Physicians ("MEP") that was erroneously attributed and reported on Plaintiff's credit report by Defendant Professional Collectors in the amount of $1,997.

13. The collection account does not belong to the Plaintiff in any way, shape, or form; it belongs solely to her husband, and the existence of all as it related to her husband is in dispute.

14. Plaintiff never signed on contract, was not with her husband in the hospital, nor is Plaintiff the holder of their insurance plan, as she receives insurance through her husband.

15. Furthermore, the debt was covered under workers' compensation—confirmed explicitly by the employer to Plaintiff's husband, due to it being covered under workers' compensation.

16. On or around July 29, 2026, Plaintiff mailed a dispute letter to Defendant TransUnion.

17. In response to the dispute, Plaintiff received a letter from Professional Collectors at the end of August addressed to her and her husband stating that the debt belongs to "you" and attaching a bill showing her husband's name only.

18. By issuing this written response directly to Plaintiff asserting that the spousal debt belonged to "you" while simultaneously enclosing billing documentation showing solely her husband's name and medical treatment, Professional Collectors utilized false, deceptive, and misleading representations in connection with the collection of a debt.

19. Upon pulling new reports on September 9, 2026, TransUnion continued to show the inaccurate collection account with a balance of $1,997 and original creditor MEP.

## Professional Collectors Dispute and Improper Credit Reporting

20. Plaintiff incorporates the above allegations as if set forth here.

21. Upon information and belief, on a date better known to Transunion, Transunion prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to the Professional Collectors collection account appearing on her credit report (hereinafter “Account”).

22. The inaccurate information furnished by Professional Collectors and published by Transunion is inaccurate since the Account is being reported in negative fashion as a collection account, despite the fact she has no personal liability for this account.

23. Transunion has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

24. On or around July 29, 2026, Plaintiff notified Transunion that she disputed the accuracy of the information being reported and provided notice that the debt belonged solely to her husband and arose from his medical treatment

25. Despite Plaintiff’s disputes to Transunion, Transunion failed to conduct a reasonable investigation and failed to remedy the misreporting.

26. It is believed and therefore averred that Transunion notified Professional Collectors of the Plaintiff’s dispute.

27. Additionally, the Plaintiff disputed this credit reporting directly with the Defendant Professional Collectors.

28. Upon receipt of the disputes of the Account from the Plaintiff by Transunion, Professional Collectors failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

29. Had Professional Collectors done a reasonable investigation of the Plaintiff's disputes, it would have been revealed to Professional Collectors that the Plaintiff had not consented in any form to be responsible for this account, and it should never have been reported on her credit report.

30. Despite Plaintiff's dispute that the information on her consumer reports was inaccurate with respect to the disputed Account, Professional Collectors did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed account was inaccurate.

31. Transunion violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

32. Transunion violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letters.

33. Had Transunion done a reasonable investigation of the Plaintiff's disputes, it would have been revealed to Transunion that the Account should not be reported at all.

34. It is materially misleading to attribute this collection account to the Plaintiff, when she has no personal liability for it and it belongs solely to her husband.

35. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

36. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

Damages

37. As a result of Defendants' failure to comply with the FCRA, Plaintiff has been damaged.

38. Defendants' erroneous reporting continues to affect Plaintiff's reputation, creditworthiness, and credit score.

39. Plaintiff suffered damage to her reputation as it falsely appears she had an unpaid collection account when it was never her responsibility to pay this debt.

40. The reporting of this Account is both inaccurate on its face and materially misleading.

41. This falsity was disseminated to numerous third parties.

42. Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify Defendants' willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial and its after-effects, and having others see the false credit information.

**FIRST CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Transunion)**

43. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

44. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

45. Transunion violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

46. Transunion violated 15 U.S.C. § 1681i (a) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

47. Transunion has willfully and recklessly failed to comply with the Act.

48. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    c) The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

    d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

f) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer; and

g) The failure to provide notice of a dispute to the furnisher or, alternatively, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

49. As described above, and as a result of the conduct, action, and inaction of Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

50. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

51. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment in her favor against the Transunion for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

**SECOND CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to Transunion)**

52. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

53. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

54. Transunion violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

55. Transunion violated 15 U.S.C. § 1681i (a) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

56. Transunion has negligently failed to comply with the Act.

57. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   c) The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

   d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

f) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer; and

g) The failure to provide notice of a dispute to the furnisher or, alternatively, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

58. As described above, and as a result of the conduct, action, and inaction of Transunion, Plaintiff suffered damage as described above.

59. The conduct, action, and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

60. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in her favor against Transunion for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

**THIRD CAUSE OF ACTION**
**(Violation of the FCRA as to Professional Collectors)**

82. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

83. This is an action for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681.

84. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

85. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

86. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

87. Professional Collectors violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

88. As a result of the conduct, action and inaction of Professional Collectors, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

89. The conduct, action and inaction of Professional Collectors was willful, rendering Professional Collectors liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

90. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Professional Collectors in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff, an individual, demands judgment in her favor against Professional Collectors for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

**FOURTH CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to Professional Collectors)**

91. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.
92. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.
93. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.
94. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.
95. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

96. Professional Collectors is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

97. After receiving the Dispute Notices from Transunion and the Plaintiff, Professional Collectors negligently failed to conduct its reinvestigation in good faith.

98. A reasonable investigation would require a furnisher such as Professional Collectors to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

99. The conduct, action and inaction of Professional Collectors was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

100. As a result of the conduct, action and inaction of Professional Collectors, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

101. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Professional Collectors in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

**WHEREFORE**, Plaintiff, an individual, demands judgement in her favor against Professional Collectors for damages together with attorney's fees and court costs pursuant to

**<u>FIFTH CAUSE OF ACTION</u>**
**(Violation of the FDCPA as to Professional Collectors)**

102. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

103. Professional Collectors' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d and 1692e.

104. Pursuant to 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

105. Professional Collectors violated 15 U.S.C. § 1692d by wrongfully attributing and persistently attempting to collect a spousal medical debt from Plaintiff for which she has no personal liability.

106. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

107. Professional Collectors violated § 1692e:

a. By falsely representing and implying that Plaintiff is personally liable for her husband's medical debt;

b. By misrepresenting the true character, legal status, and obligation of the alleged debt in violation of § 1692e(2)(A); and

c. By falsely asserting in its dispute response that the debt belonged to "you", the Plaintiff, while simultaneously enclosing billing documentation showing solely her husband's name and medical treatment, and

108. By reason thereof, Professional Collectors is liable to Plaintiff for judgment in that their conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees

## DEMAND FOR TRIAL BY JURY

109. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendants as follows:

a) For actual damages for negligent violations of the FCRA pursuant to 15 U.S.C. § 1681o;

b) For actual and statutory damages for willful violations of the FCRA pursuant to 15 U.S.C. § 1681n(a)(1);

c) For punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

d) For actual and statutory damages under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1)-(2);

e) For costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2), and 1692k(a)(3); and

f) For such other and further relief as the Court deems just and proper.

Dated: November 19, 2026

Respectfully submitted,

/s/Yaakov Saks
Yaakov Saks, Esq.
Stein Saks, PLLC
Two University Plaza, Ste. 322
Hackensack, NJ 07601
201-282-6500
ysaks@steinsakslegal.com

*Attorneys for Plaintiff*